The Honorable James Norton State Representative 3132 Bolin Hill Road Harrison, Arkansas 72601
Dear Representative Norton:
I am writing in response to your request for an opinion on the following questions concerning teacher contracts and teacher compensation:
 1. Does Arkansas Code Annotated 6-17-807 state, in part, that "each school district in this state shall establish a normal base contract period for teachers?"
 2. Does Arkansas Code Annotated 6-17-2402 state, in part, that a basic contract "means a teacher employment contract for one hundred ninety (190) days that includes ten (10) days of professional development?
 3. Does Arkansas Code Annotated 6-17-2403 state, in part, that the "board of directors in each school district in the state shall pay classroom teachers upon a minimum salary schedule that provides . . . a base salary?"
 4. Did that portion of the Teacher Base Salary Schedule for the Harrison School District, which was revised by the District's Board of Education on May 16, 2006 . . . meet full compliance of State law for the 2005-2006 school year when it mandated that the salaries of certified staff members whose positions WERE assigned "weighted" factors not be calculated utilizing the base salary of those certified staff members whose positions WERE NOT assigned "weighted" factors and whose contracts required them to work 190 days?
 5. Did that portion of the Teacher Base Salary Schedule for the Harrison School District, which was revised by the District's Board of Education on May 16, 2006, and ratified by the certified staff vote on May 18, 2006 . . . meet full compliance of State law for the 2006-2007 school year when it mandated that the salaries of certified staff members whose positions WERE assigned "weighted" factors not be calculated utilizing the base salary of those certified staff members whose positions WERE NOT assigned "weighted" factors and whose contracts required them to work 190 days?
As background for your questions, you enclosed a number of documents with your request, including copies of the referenced teacher salary schedules for the 2005-2006 and 2006-2007 school years.
RESPONSE
The answer to your first three questions is clearly "yes" based upon the quoted statutory language. The answer to questions four and five is also "yes," in my opinion. The referenced teacher salary schedule, as revised near the end of the 2005-2006 school year and utilized for the 2006-2007 school year, in my opinion satisfied the state law requirements.
Question 1 — Does Arkansas Code Annotated 6-17-807 state, in part, that "each school district in this state shall establish a normal base contract period for teachers?"
This is an exact quotation of subsection (b) of § 6-17-807, which addresses payment to teachers for additional contract days. Accordingly, the answer to this question is clearly "yes."
Question 2 — Does Arkansas Code Annotated 6-17-2402 state, in part, that a basic contract "means a teacher employment contract for one hundred ninety (190) days that includes ten (10) days of professional development?
Yes. The quoted language is also taken directly from the statute, A.C.A. § 6-17-2402, which is the definitional section of the Teacher Compensation Program of 2003, A.C.A. §§ 6-17-2401 — 2407 (Supp. 2007). This body of law requires each school district to have a salary schedule with certain prescribed minimum compensation levels for a "basic contract," as defined at A.C.A. § 6-17-2402(1). See A.C.A. § 6-17-2403(b) and (c). The minimum levels for the 2005-2006 and 2006-2007 school years were established by Act 2130 of 2005 as follows:
In school year 2004-2005 and 2005-2006, each school district in the state shall have in place a salary schedule with at least the following minimum levels of compensation for a basic contract:
Years of
Experience BA Degree Select Salary MA Degree Salary
0 $27,500 $31,625
1 $27,950 $32,125
2 $28,400 $32,625
3 $28,850 $33,125
4 $29,300 $33,625
5 $29,750 $34,125
6 $30,200 $34,625
7 $30,650 $35,125
8 $31,100 $35,625
9 $31,550 $36,125
10 $32,000 $36,625
11 $32,450 $37,125
12 $32,900 $37,625
13 $33,350 $38,125
14 $33,800 $38,625
15 $34,250 $39,125

In school year 2006-2007 and each school year thereafter, each school district in the state shall have in place a salary schedule with at least the following minimum levels of compensation for a basic contract:
Years of
Experience BA Degree Salary MA Degree Salary
0 $27,994 $32,193
1 $28,452 $32,702
2 $28,910 $33,211
3 $29,368 $33,720
4 $29,826 $34,229
5 $30,284 $34,738
6 $30,742 $35,247
7 $31,200 $35,756
8 $31,658 $36,265
9 $32,116 $36,774
10 $32,574 $37,283
11 $33,032 $37,792
12 $33,490 $38,310
13 $33,948 $38,810
14 $34,406 $39,319
15 $34,864 $39,828

Acts 2005, No. 2130, § 1 (amending A.C.A. § 6-17-2403(b) and (c)).
Question 3 — Does Arkansas Code Annotated 6-17-2403 state, in part, that the "board of directors in each school district in the state shall pay classroom teachers upon a minimum salary schedule that provides . . . a base salary?"
Similar to the above, the answer to this question is plainly "yes," as this accurately quotes part of subsection (a) of section 6-17-2403. The subsection provides in full as follows:
The board of directors in each school district in the state shall pay classroom teachers upon a minimum salary schedule that provides:
 (1) Annual increments for education and experience;
 (2) A base salary; and
 (3) A minimum salary for a teacher with a master's degree and at least fifteen (15) years' experience.
A.C.A. § 6-17-2403(a) (Supp. 2007).
Question 4 — Did that portion of the Teacher Bases Salary, for the Harrison School district, which was revised by the District's Board of Education on May 16, 2006 . . . meet full compliance of [sic] State law for the 2005-2006 school year when it mandated that the salaries of certified staff members whose positions WERE assigned "weighted" factors not be calculated utilizing the base salary of those certified staff members whose positions WERE NOT assigned "weighted" factors and whose contracts required them to work 190 days?
This question appears to reflect a concern that by requiring a minimum salary schedule with a base salary for a basic, i.e., 190-day contract, see A.C.A. § 6-17-2402 and-2403 (Supp. 2007), state law prescribes a particular methodology for calculating salaries of those who are paid above the minimums, or who are to be paid for extra days or extra duties, that relies upon using the base salary as a starting point. I see no such requirement in the law, however. To the contrary, as noted by my immediate predecessor, "school districts exercise considerable discretion in determining their pay practices, including the amount of salary increments beyond the required minimums, as well as the method or formula for calculating the salaries of those who are paid under a supplemental salary schedule." Op. Att'y Gen. 2004-196 at 4. See also id., at n. 2 ("How a district determines particular salary levels or increments or supplemental salaries is . . . left largely to the district.").
The law plainly requires each school district to adopt a "supplement to the salary schedule" for those certified personnel who are to be compensated for extra days beyond the basic contract period or for extra duties. See A.C.A. § 6-17-204(c)(2).[1] In my opinion, however, state law does not prescribe the methodology for calculating such compensation. Rather, the law merely requires that by some means recorded in the salary schedule, and any supplement(s) thereto, certified employees are duly compensated. Accordingly, the answer to your question regarding the referenced salary schedules is "yes," in my opinion; the schedule complied with state law.
Question 5 — Did that portion of the Teacher Base Salary Schedule for the Harrison School District, which was revised by the District's Board of Education on May 16, 2006, and ratified by the certified staff vote on May 18, 2006 . . . meet full compliance of State law for the 2006-2007 school year when it mandated that the salaries of certified staff members whose positions WERE assigned "weighted" factors not be calculated utilizing the base salary of those certified staff members whose positions WERE NOT assigned "weighted" factors and whose contracts required them to work 190 days?
Yes. See response to Question 4 above.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] This Code section provides: "A school district shall adopt, in accordance with this subchapter, a supplement to the salary schedule for those certified staff employed longer than the period covered by the salary schedule and for duties in addition to certified employees' regular teaching assignments." A.C.A. § 6-17-204(c)(2) (Supp. 2007).